**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PETRA CRUZ-GUZMAN, as personal**
**representative of the Estate of Emiterio**
**Cruz-Guzman,**

    **Plaintiff,**

v.                                                    **Case No.  8:07-cv-696-T-30EAJ**

**SARAH CHAREST and**
**PIZZA HUT OF AMERICA, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Sarah M. Charest and Pizza Hut of America, Inc. ("Pizza Hut"), Joint Motion for Summary Judgment (Dkt. 46).  On October 10, 2008, this Court entered an Order granting Plaintiff's prior counsel's motion to withdraw.  The Court provided Plaintiff thirty days to find substitute counsel and/or respond to the Joint Motion.  As no substitute counsel has filed a notice of appearance on Plaintiff's behalf, Plaintiff is now proceeding *pro se* in this action.  Plaintiff has failed to timely respond to the Joint Motion.  The Court, having thus considered the Joint Motion without the benefit of a response, and being otherwise fully advised in the premises, determines it should be granted.

## Background

On November 11, 2005, a vehicle driven by Defendant Sarah Charest struck and ran over a pedestrian, Emiterio Cruz-Guzman. At the time of the accident, Defendant Charest was operating the vehicle in the course and scope of her employment as a delivery driver for Defendant Pizza Hut. Mr. Cruz-Guzman died as a result of the accident. Mr. Cruz-Guzman's sister, Petra Cruz-Guzman ("Plaintiff"), as personal representative of his estate, has filed the instant wrongful death action. Plaintiff alleges Defendant Charest negligently operated her vehicle, causing the death of Mr. Cruz-Guzman. Furthermore, Plaintiff claims Pizza Hut is vicariously liable for the death of Mr. Cruz-Guzman because Defendant Charest was acting within the scope of her employment with Pizza Hut at the time of the accident.

Prior to the accident, Mr. Cruz-Guzman was a passenger in a Chevrolet Cavalier traveling northbound on U.S. Highway 301 ("Highway 301") in or around Riverview, Florida. Mr. Cruz-Guzman was accompanied by Ramiro Cortez-Morales, the driver of the car, and Edmundo Terrones-Cruz. Soon after the car traveled through an intersection at Big Bend Road, it was pulled over by Deputy Daniel Cruz, then a state trooper with the Florida Highway Patrol.[1]

During his deposition, Deputy Cruz testified that he pulled the vehicle over for speeding. Upon making contact with the driver, Deputy Cruz smelled alcohol and observed signs of impairment. As a result, he decided to conduct a field sobriety test on Mr. Cortez-

---

[1] Deputy Cruz is now employed with the Hillsborough County Sheriff's Office.

Morales. Because he deemed the area surrounding the car unsafe for purposes of his investigation, Deputy Cruz instructed Mr. Cortez-Morales to enter his patrol car. Deputy Cruz informed Mr. Cruz-Guzman and Mr. Terrones-Cruz that he would be conducting a sobriety test on Mr. Cortez-Morales, and further instructed them both to remain in the Cavalier.

Deputy Cruz escorted Mr. Cortez-Morales in his patrol car to a parking lot on the other side of Highway 301. Prior to administering the investigation, Deputy Cruz observed Mr. Cruz-Guzman walking toward the parking lot from across Highway 301. As he approached, Mr. Cruz-Gruzman asked Deputy Cruz to give the driver a break. Deputy Cruz testified that Mr. Cruz-Guzman was neither mean or rude, but was simply pleading for leniency. Deputy Cruz instructed Mr. Cruz-Guzman to stop approaching and remove himself from the parking lot. Mr. Cruz-Guzman obeyed the command and Deputy Cruz turned to proceed with his investigation.

On his way back across Highway 301, Mr. Cruz-Guzman was struck by Defendant Charest's car. None of the potential witnesses (Deputy Cruz, Mr. Cortez-Morales, or Mr. Terrones-Cruz) observed the collision, nor were they able to testify how it occurred. All agreed that the accident happened about 10:45 p.m. The section of the roadway where the accident occurred was dark and not well lit. In her deposition, Defendant Charest testified that she was traveling northbound on Highway 301 when someone suddenly fell in front of her car. She claims she did not see Mr. Cruz-Guzman until the moment of impact.

Following impact, she lost control of the car and it ran up onto the median in the center of Highway 301. She immediately pulled her car off to the right side of the road.

Upon hearing the collision, Deputy Cruz immediately returned to his car with Mr. Cortes-Morales and drove back to the other side of Highway 301. He observed the body of Mr. Cruz-Guzman in the roadway. After blocking the roadway and calling the paramedics, Deputy Cruz checked Mr. Cruz-Guzman's pulse and determined he was dead. Paramedics and additional officers responded to the scene. Following the investigation, Defendant Charest was neither ticketed nor charged with any crime in connection with the accident.

Defendants have filed testimony from an expert reconstructionist, Dr. Fournier, Jr., P.E. Based on his review of the Florida Highway Patrol Homicide Investigation Report, photographs of the scene, photographs of Defendant Charest's vehicle, and an insurance company's estimate of damage to her vehicle, Dr. Fournier concludes that (i) Defendant Charest did not drive onto the concrete median prior to impact, and (ii) Mr. Cruz-Guzman was in a prone position in the northbound lane at the moment of impact. Dr. Fournier's conclusions are based on observation of the final rest position of Mr. Cruz-Guzman's body, the location of body fluid in the northbound lane of Highway 301, the absence of any such fluid on the median, the personal effects of Mr. Cruz-Guzman found in the northbound lane, the absence of scrapes or tire marks crossing the median, the location of damage across the

front and below the bumper of the car, and the absence of damage to the elevated components of the car.[2]

In the instant Motion, Defendants argue Plaintiff has failed to produce evidence to support her contention that Defendant Charest negligently operated her vehicle resulting in the death of Mr. Cruz-Guzman. Absent such evidence, Defendants argue they are entitled to summary judgment as to all of Plaintiff's claims.

## **Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. <u>Id.</u> Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. <u>Id.</u> at 255.

---

[2]According to Dr. Fournier, damage to the elevated components of the car would have been apparent if the pedestrian had been upright at impact.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Chelates, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

## Discussion

Plaintiff has alleged counts for negligence and wrongful death against Defendants under Florida law. Florida's Wrongful Death Act provides that "[w]hen the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person . . . the person . . . that would have been liable for damages in damages if death had not ensued shall be liable for damages as specified in this act . . . ." Fla. Stat. § 768.19. In

failing to respond to the instant Motion, Plaintiff has failed to produce any evidence of negligence or wrongdoing on the part of Defendant Charest. Moreover, she has failed to produce any evidence to support her claims.

Only Defendant Charest has provided testimony regarding the events immediately preceding the accident. According to Charest, she was driving down a dark road when a man suddenly fell in front of her car. She did not see him prior to impact. Following impact she immediately pulled off the road and cooperated with Deputy Cruz, who immediately responded to the scene from across the street. Defendants' reconstruction expert has opined that the collision occurred in the roadway and that Mr. Cruz-Guzman was in a prone position at the moment of impact. Plaintiff has offered no evidence to refute this testimony.

On these facts, no reasonable juror could conclude Charest's actions were in any way negligent or wrongful. Absent any evidence of negligence or wrongdoing on the part of Charest, neither she nor Pizza Hut can be held liable for her actions. Accordingly, both Defendants are entitled to summary judgment as to all of Plaintiff's claims.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Joint Motion for Summary Judgment (Dkt. 46) is **GRANTED**.
2. The Clerk is directed to **TERMINATE** Defendant Pizza Hut of America Inc.'s Motion for Partial Summary Judgment (Dkt. 33) as moot.
3. The Clerk is directed to enter **FINAL SUMMARY JUDGMENT** in favor of Defendants as to all of Plaintiff's claims.

4. All pending motions are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-696.msj.frm